FILED

2011 Oct-18  PM 05:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

CAROL SHULER,                        )
                                     )
    Plaintiff,               )
                                     )
vs.                                  )        Case No. CV-11-TMP-3443-S
                                     )
INFINITY PROPERTY &                  )
CASUALTY, et al.                     )
                                     )
    Defendants.              )

## MOTION TO DISMISS

Defendants Infinity Insurance Company[1] ("Infinity"), Tobin Lunsford, and Pamela Jenkins[2] (collectively "Defendants") move this Court to dismiss the complaint against them pursuant to Fed. R. Civ. P. 12 (b)(6).  In support of this motion, Defendants state the following:

## INTRODUCITON

1.     Plaintiff's claims of discrimination and other wrongdoing against Defendants Infinity, Lunsford, and Jenkins under 42 U.S.C. §§ 1983, 1985 and 1986, the ADEA, the ADA and Title VII in connection with her discharge should be dismissed because they fail to state a claim.  Notwithstanding any deference

---

[1] In her Complaint, Plaintiff names "Infinity Property & Casualty" as a Defendant on the belief that a company with this name was her employer.  Plaintiff was in fact employed by Infinity Insurance Company.  The holding company of Infinity Insurance Company is Infinity Property & Casualty Corporation, but Plaintiff was not employed by that company.

[2] As set forth in the Notice of Lack of Service filed on behalf of Greg Kees, Mr. Kees has not been served with the Complaint.  However, Defendants assert that the claims against Kees are due to be dismissed on the same grounds asserted herein for individual defendants Lunsford and Jenkins.

given Plaintiff as a *pro se* litigant, her complaint simply fails to plead either cognizable claims against these Defendants or any plausible facts to support them. For this reason, all of them should be dismissed with prejudice.

## ALLEGATIONS OF THE COMPLAINT

2.     In her complaint, Plaintiff tries to allege claims against Infinity, Lunsford, Jenkins and Gregory Kees in connection with the termination of her employment.  [Complaint ¶ 16 & *passim*]

3.     Plaintiff alleges that while employed by Infinity in 2009, she was assigned to work under the supervision of Kees.  [Complaint ¶ 17] While working under him, Plaintiff alleges that Kees agreed to allow her to begin her workday at 9:30 a.m.  [Complaint ¶¶ 18-19] Based on this alleged agreement, Plaintiff alleges that she began reporting to work at 9:30 a.m. each day.

4.     Plaintiff alleges that on September 16, 2009, Kees gave her a written warning for tardiness, which identified instances of tardiness over a period of several weeks, unscheduled absences, and abuse of sick leave. [Complaint ¶ 20] Plaintiff alleges that the tardiness was based on the purported agreement reached with Kees to allow her to report to work at 9:30 and that the absences were scheduled vacation days.  [Complaint ¶ 21]  Plaintiff alleges that despite her alleged disputes with the written warning, Kees placed her on 90 days probation and stated that she was subject to discharge if there were further absences and

2

tardiness.  [Complaint ¶ 22]

5.     Plaintiff alleges that her former supervisor encouraged her to complain to Jenkins, who worked in Infinity's Human Resources Department, but that Kees threatened her with termination if she made such a complaint. [Complaint ¶ 23]   According to Plaintiff's complaint, Kees expressed approval with Plaintiff's job performance in this meeting and told her that he would not administer the written warning. [Complaint ¶ 23]

6.     Plaintiff alleges that one day following a luncheon to celebrate a co-employee's birthday, Kees and Lunsford terminated her employment because she was tardy returning from this event. [Complaint ¶ 24] Plaintiff alleges that other male "and/or" younger employees were given flexible schedules and not subject to specific start and end times for lunch.  [Complaint ¶ 25]  Plaintiff also generally alleges that she was treated less favorably with respect to her attendance and schedule because of her age and gender. [Complaint ¶ 25]

7.     Plaintiff alleges that while employed by Infinity, she told her supervisor that she was under the care of a physician for the treatment of "depression and [an] anxiety disorder" and that this treatment began shortly after she and her husband became involved in litigation with a neighbor.  [Complaint ¶ 26]  Plaintiff does not make any allegation to suggest that the "depression and anxiety disorder" was a disability or that it substantially limited any major life

3

function.  [Complaint *passim*]  Plaintiff also does not allege that Infinity, Lunsford, Jenkins or Kees considered her "depression and anxiety disorder" or any other physical or mental impairment in deciding to terminate her employment. [Complaint *passim*]

8.     Plaintiff alleges that after her termination, she submitted a written appeal from this action to Jenkins, the Director of Human Resources.  In this appeal, she disputed the grounds for her discharge and asserted that Kees and Lunsford had failed to follow the company's progressive discipline policy. [Complaint ¶ 27]  Despite this appeal, Plaintiff alleges that Jenkins affirmed the discharge.  [Complaint ¶ 28]

9.     In addition to her discharge and the circumstances that lead to it, Plaintiff alleges that Infinity had a relationship with the law firm of Lloyd Gray & Whitehead, which represented Defendant NCO in a civil action to collect a debt against Plaintiff and her husband.[3]  [Complaint ¶ 34]  Without alleging any specific facts, Plaintiff suggests that this relationship and concurrent events in this litigation were motivating factors in Kees' decision to administer the written warning. [Complaint ¶¶ 33] In Count Seven, Plaintiff alleges a claim of tortious interference based on interference with her "employment relationship with Infinity" by the

---

[3] That case (which was one of at least five cases filed in or removed to this Court since 2004 by Carol Shuler and/or Roger Shuler.) was brought by Roger Shuler and Carol Shuler against Ingram & Associates and NCO Financial Systems, Inc. in this Court, 2:08-cv-01238-AKK, and summary judgment was affirmed by the Eleventh Circuit Court of Appeals on September 29, 2011.

"legal/financial defendants," which appear to be American Express, NCO, Laura Nettles, Wayne Morse, and Anige Ingram. [Complaint ¶¶ 20-24]

### STANDARD FOR DISMISSAL

10.     Defendants' motion to dismiss must be evaluated under the pleading standard set forth in Fed. R. Civ. P. 8(a)(2), *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007) and Ashcrof v. Iqbal. 129 S. Ct. 1937 (2009). Rule 8(a)(2) requires that the claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S. Ct. 99 (1957)).

11.     In testing the sufficiency of a complaint, the Court must "accept[] all well pleaded allegations in the plaintiff's complaint as true and draw[] all reasonable inferences from those facts in the plaintiff's favor." *Chao v. Rivendell Woods, Inc*., 415 F.3d 342, 346 (4th Cir. 2005); *see also Erickson v. Pardus,* 551 U.S. 89, 94, 127 S. Ct. 2197 (2007) (all factual allegations in pleadings assumed to be true).

12.     Importantly, the Court must determine if the complaint states a plausible claim for relief to survive a motion to dismiss. A well pleaded complaint must allege "enough facts to state a claim to relief that is plausible on its

face." *Twombly,* 550 U.S. at 570. A "plausible" claim cannot be supported by mere "labels and conclusions." *Id.* at *555*. Rather, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.*, and critical elements of a claim must be, at a minimum, "suggested by the facts." *Id.* at *569*. This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949.

## ARGUMENT

13.     Plaintiff's complaint against Infinity, Lunsford and Jenkins should be dismissed because it fails to allege either a cognizable claim against these defendants or sufficient facts to support one.

### A.     Plaintiff's Claims Under § 1983 in Counts One, Two, Three, and Four Should be Dismissed.

14.     Plaintiff's claims against Defendants under 42 U.S.C. § 1983 in Counts One, Two, Three, and Four should be dismissed because the complaint fails to allege that Defendants acted under color of state law when they committed the alleged wrongdoing.

15.     To state a claim under § 1983, a plaintiff must allege (1) that a person has deprived her of a federal right and (2) that the person acted under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Thus, "[a] civil rights complaint

under § 1983 generally requires a defendant to act under color of state law. This requirement excludes 'merely private conduct, no matter how discriminatory or wrongful.'" *Johnson v. Wilbur*, 375 Fed. Appx. 960, 964 (11th Cir. 2010) (affirming dismissal as frivolous *pro se* claims under §§ 1981, 1983, 1985, and 1986) (quoting *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F. 3d. 1263, 1277 (11 Cir. 2003)).

16.     "A private person may be considered a state actor, [] if: (a) the state coerced or 'significantly encouraged' the private person to act; (b) the action was traditionally performed by a state official; or (c) the state was a joint participant in the action." *Johnson*, 375 Fed. Appx. at 964 (quoting *Rayburn*, 241 F. 3d. at 1347).

17.     Nowhere in Plaintiff's complaint does she allege that Defendants acted under color of state law when they purportedly committed the alleged discrimination.  Further, none of Plaintiff's allegations regarding the conduct of Defendants even remotely resembles any of the definitions of a private person functioning as a "state actor." *Johnson*, 375 Fed. Appx. at 964; *see also Rayburn*, 241 F. 3d. at 1347.  Rather, all of the allegations make clear that Defendants were merely acting as a private employer or as the employees of one. [Complaint *passim*] Because there is no allegation supporting an inference that these defendants acted under color of state law, Plaintiff has failed to state a claim under

§ 1983. *Johnson*, 375 Fed. Appx. at 964.

**B.**   **Plaintiff's Claims Under § 1985 in Count Five Should Be Dismissed.**

18.     Plaintiff's claim of conspiracy against Defendants under 42 U.S.C. § 1985(2) should be dismissed because it fails to sufficiently allege facts demonstrating either actionable conduct or a conspiracy.  To the extent Plaintiff tries to state a claim under § 1985(3), it should likewise be dismissed because she does not allege that Defendants are state actors or that they deprived her of any right remedied by this section of § 1985.

19.     Section 1985 "provides a cause of action for obstruction of justice where 'two or more persons conspire for the purpose of impeding, hindering, obstructing or defeating, in any manner the due course of justice in any state or territory, with intent to deny any citizen the equal protection of laws ….'" *Farese v. Scherer*, 342 F. 3d. 1223, 1230 (11th Cir. 2003). Section 1985(2) provides a claim for relief from injury suffered as a result of conspiracies "to deter, by force, intimidation or threat any party or witness in any court of the United States from attending such court, or just testifying to any matter therein, freely, fully, truthfully…." 42 U.S.C. § 1985(2).

20.     To state a claim under § 1985(2), a plaintiff must allege (1) a conspiracy (2) to deter a witness by force, intimidation, or threat from attending or testifying before a United States Court (3) that results in injury to the plaintiff.

8

*Wagoner v. DaeWoo Heavy Indus. Am. Corp.*, 285 F. 3d. 1268 (11th Cir. 2002). "The core of a conspiracy claim is an agreement between the parties; thus, where the plaintiff fails to allege an agreement, the pleading is deficient and subject to dismissal." *Reid v. City of Atlanta*, 2009 WL 481661, at *3 (N.D. Ga. Feb. 25, 2009) (citing *Moore v. Potter*, 141 Fed. Appx. 803, 806 (11th Cir. 2005).

21.    Plaintiff fails to state a claim under § 1985(2) because she does not allege specific facts demonstrating either actionable conduct or a conspiracy. Alleging a conspiracy without facts to show an agreement among the parties is nothing more than a legal conclusion, which is insufficient to state a claim.   *Barr v. Gee*, 2011 U.S. App. Lexis 17048, at *30-31 (11th Cir. Aug. 16, 2011) (dismissing a claim of conspiracy when plaintiff failed to allege sufficient facts showing an agreement among the parties), *Mikens v. Tenth Judicial District*, 181 Fed. Appx. 865, 876 (11th Cir. 2006) (dismissal of § 1985 (3) claim for failure to allege conspiracy with specificity).

22.    Alleging "close ties" and a "cozy relationship between local lawyers and Infinity" is insufficient to state an actionable conspiracy under § 1985(2). [Complaint ¶¶ 34-35] Her allegation that "Erin May," an alleged employee of Infinity, who worked "repeatedly" with the firm representing Defendant NCO, is likewise insufficient and speculative.  [Complaint ¶¶ 35]

23.    As for actionable conduct, Plaintiff only alleges "overly aggressive

discovery practices" in the collection action, which hardly qualifies as conduct designed to prevent or discourage a plaintiff from appearing in a federal court or to prevent one from offering testimony in that court. *See Miller v. Harden*, 2006 WL 5083825, at *8 (M.D. Fla. Sept. 7, 2006); *see also McLean v. International Harvester Co.,* 817 F.3d 1214, 1218 (5th Cir. 1987) (allegations that a party failed to disclose information and produce documents did not allege a sufficient violation of § 1985(2)).

24.     Plaintiff's § 1985 claim should also be dismissed to the extent that it is asserted under § 1985(3). "Under 42 U.S.C. § 1985, a party may be liable for, *inter alia*, conspiring to deprive persons of equal protection of the laws or equal privileges and immunities under the laws." *Johnson*, 375 Fed. Appx. at 964 (quoting *Park v. City of Atlanta*, 120 F. 3d. 1157, 1162 (11th Cir. 1997) (per curiam)). "Where the alleged conspirators are private actors, the plaintiff must show that the conspiracy was aimed at rights constitutionally protected against private impairment." *Id.*

25.     Rights constitutionally protected against private impairment by § 1985(3) are limited to "select 'serious constitutional right[s].'" *Cook v. Randolph County, Georgia*, 573 F. 3d. 143, 1156 (11th Cir. 2009). "[T]he only rights that the Supreme Court has expressly declared enforceable against private conspirators under § 1985(3) are the right to interstate travel and the right against involuntary

10

servitude." *Johnson,* 375 Fed. Appx. at 964 (citing *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 278 (1993)).

26.    As argued *supra*, Plaintiff's Complaint cannot be read to allege that Defendants are anything other than private actors.   Therefore, Plaintiff has the burden to allege that they deprived her of a "serious" constitutional right that may be remedied under § 1985, such as the right to interstate travel and the right against involuntary servitude.   Because she has failed to make any of these allegations in her complaint, her § 1985 claims are due to be dismissed.   *Johnson*, 375 Fed. Appx. at 964; *see also Bray*, 506 U.S. at 278; *Cook*, 573 F. 3d. at 1157).

**C.    Plaintiff's Claims Under § 1986 in Count Six Should be Dismissed.**

27.    Plaintiff's claims under 42 U.S.C. § 1986 in Count Six should be dismissed because these claims are derivative of her § 1985 claims and because her complaint    fails    to    state    a    claim    under    §    1985.

28.    "Under 42 U.S.C. § 1986, a defendant may be liable if he knew of a § 1985 conspiracy and failed to prevent it, despite having the power to do so." *Johnson*, 375 Fed. Appx. at 964 (citing *Park*, 120 F. 3d. at 1160). "'Section 1986 claims are therefore derivative of § 1985 violations.'" *Id.* (quoting *Park*, 120 F. 3d. at 1159-60).

29.    Because Plaintiff fails to allege an actionable conspiracy under § 1985, she cannot allege a claim under § 1986 for failure to prevent one.   *Johnson*,

11

375 Fed. Appx. at 964; *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). *See generally* 42 U.S.C. § 1986. Her claims under § 1986, therefore, should be dismissed.

> **D.** **Plaintiff's ADEA Claims Against Lunsford and Jenkins in Counts One and Two Should be Dismissed.**

30.    Plaintiff's claims of age discrimination under the ADEA in Counts One and Two should be dismissed because they cannot be asserted against individuals. While "employers," as defined by statute, may be liable under the ADEA, it is well established that individuals, particularly individual employees, may not. *Mason v Stalling*, 82 F.3d 1007, 1009 (11th Cir. 1996); *Smith v. Lomax*, 44 F.3d. 402, 403 n.4 (11th Cir. 1995). Plaintiff's claims of age discrimination, therefore, against Lunsford and Jenkins should be dismissed.

> **E.** **Plaintiff's ADEA Claims Against Infinity in Counts One and Two Should be Dismissed.**

31.    Plaintiff's claims under the ADEA against Infinity in Counts One and Two are due to be dismissed because the allegations supporting these claims fail to allege enough facts to state a claim that is plausible on its face under the standard of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007), and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009).

32.    To establish a prima facie case of age discrimination, a plaintiff must show (1) that she was a member of the protected age group, (2) that she was

subjected to adverse employment action, (3) that she was qualified to do the job, and (4) that she was replaced by or otherwise lost a position to a younger individual. *Chapman v AI Transport*, 229 F.3d 1012, 1024 (11th Cir. 2001) (en banc). To prevail, a plaintiff must prove by a preponderance of the evidence that that age was the "but-for" cause of the challenged adverse employment action, not merely "a motivating factor." *Gross v. FBL Fin. Servs., Inc.*, 129 S.Ct. 2343, 2345-46 (2009).

33.     Plaintiff's complaint alleges there was a dispute over whether certain instances of tardiness were, or should have been, excused and whether her supervisor Kees properly followed the company's progressive discipline policy when she was given a written warning and later terminated. [Complaint ¶¶ 18-24, 27-28] What plaintiff's complaint does not do, however, is allege specific facts that Infinity disciplined and discharged her solely because of her age. *See Gross*, 129 S.Ct. at 2345-46.

34.     Importantly, Plaintiff alleges motivating factors for the adverse alleged employment actions other than age, including her gender, the collection action against her and her husband brought by Defendant NCO, and Infinity's alleged relationship with the law firm representing NCO in that litigation. [Complaint ¶¶ 29-35; Count Seven ¶¶ 20-24] Indeed, in support of her tortious interference claim in Count Seven, Plaintiff seems to allege that Defendants

13

American Express, NCO, Laura Nettles, Wayne Morse and Anige Ingram interfered with her employment relationship with Infinity by wrongfully causing or influencing Infinity's decision to terminate it. [Complaint Count Seven ¶¶ 20-24] Because her own complaint does not allege that she was disciplined and discharged solely because of her age, her ADEA claim should be dismissed. *See Culver v. Birmingham Bd. of Educ.*, 646 F. Supp.2d 1270, 1271-72 (N.D. Ala. 2009); *Gross*, 129 S.Ct. at 2345-46.

35.    As for age discrimination, Plaintiff makes only two substantive allegations.  First, she claims that she returned from the birthday luncheon at the same time as her co-employees, yet no one, other than she, was disciplined or discharged.  [Complaint ¶ 24] Second, she asserts that other "coworkers who were male and/or younger than her were allowed to work flex schedules" without "specific start times or return times from lunch" and that she "*apparently* was held to an inflexible schedule due to her age and gender."  [Complaint ¶ 25 (emphasis added)]

36.    While Plaintiff speculates that she was discriminated against because, she says, younger employees were treated more favorably, these allegations fail to meet the facial plausibility standard of *Twombly* and *Iqbal* because Plaintiff does not allege specific facts to allege that she was subjected to an inflexible schedule solely because of her age.  All that can be gleaned from the Complaint is that she

14

was allegedly required to report to work at specified times while other, younger male employees were not. Speculative allegations of possible age discrimination based on sweeping, conclusory assertions such as these do not meet the facial plausibility standard of *Twombly* and *Iqbal*. *E.g., Cunningham v. Castelle*, No. 2:10-cv-01207, 2011 U.S. Dist. Lexis 108512, at *9-10 (D. W.Va. Sept. 22, 2011) (holding that the conclusory allegation that "younger, less qualified male attorneys" were hired for a position that plaintiff wanted failed to meet *Twombly* and *Iqbal* standard); *Fritz v. The Eye Center*, No. 3:10-cv-33 (JCH), 2010 U.S. Dist. LEXIS 81805, at *11-12 (D. Conn. Aug. 11, 2011) (holding that allegation that plaintiff was a member of the protected class and that she had been discharged).

### F. Plaintiff's Purported Claim Under the ADA Should be Dismissed.

37.   To the extent Plaintiff attempts to allege a claim of discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*., it should be dismissed because it fails to meet the facial plausibility standard of *Twombly* and *Iqbal*. While Plaintiff refers to a claim under the ADA in the Introduction of her Complaint, she offers no substantive allegations of fact to support any right to relief under that statute.

38.   To establish a prima facie case of discrimination within the ADA, a plaintiff must show:  (1) that her employer is subject to the ADA; (2) that she is

15

disabled within the meaning of the ADA; (3) that she is otherwise qualified to perform the essential functions of her job; and (4) that she suffered an adverse employment action because of her disability. *Cunningham v. Nature's Earth Pallets*, No. 10-14544, 2011 U.S. App. LEXIS 13935, at *1-2 (11th Cir. Jul. 6, 2011).

39.     In her Complaint, Plaintiff states that she told her supervisor that she was receiving medical treatment for "depression and [an] anxiety disorder"; however, she does not allege that she had a disability because of this condition or what major life function this condition substantially impaired. [Complaint ¶ 26] More importantly, Plaintiff never alleges that she was subject to discrimination because of her "depression and anxiety disorder" or that Infinity took any adverse action with respect to her employment based on this or any other purported disability. *Cunningham*, No. 2:10-cv-01207, 2011 U.S. Dist. LEXIS 108512, at *7-10 (dismissing ADA claim because plaintiff failed to allege specific facts showing that she was disabled within the meaning of the Act); *Fritz*, No. 3:10-cv-33 (JCH), 2010 U.S. Dist. LEXIS 81805, at *11-12 (dismissing ADA claim because plaintiff failed to allege specific facts showing a causal connection between her fibromyalgia and her discharge).   To the extent, therefore, that Plaintiff's complaint asserts, or is construed to assert, a claim under the ADA, it should be dismissed.

40.     To the extent that Plaintiff attempts to allege an ADA claim against Lunsford and Jenkins, these claims should be dismissed because, like the ADEA, the ADA does not permit individual liability. *Albra v. Advan, Inc.*, 490 F.3d 826, 829-30 (11th Cir. 2007); *Mason v Stalling*, 82 F.3d 1007, 1009 (11th Cir. 1996).

**G.      Plaintiff's Purported Claim Under Title VII Should be Dismissed.**

41.     To the extent that Plaintiff attempts to allege a claim under Title VII of the Civil Rights Act of 1964, as amended, against Defendants, it should be dismissed.  First, any Title VII claim against Lunsford and Jenkins fails because, like the ADEA and the ADA, Title VII does not permit individual liability.  *Busby v. City of Orlando,* 931 F.2d 764, 772 (11th Cir. 1991); *Yeldell v. Cooper Green Hosp.,* 956 F.2d 1056, 1060 (11th Cir. 1992).  Second, any Title VII claim against Infinity is due to be dismissed because it fails to meet the facial plausibility standard of *Twombly* and *Iqbal*.

42.     While Plaintiff refers to a claim under Title VII in the Introduction of her Complaint, there is no count alleging such a claim, and she offers no specific allegations of fact to support any right to relief under that statute.  [Complaint *passim*]   Plaintiff does make conclusory allegations of disparate treatment based on gender, as well as age, in connection with her claims under 42 U.S.C. § 1983, but not with respect to any claim of gender discrimination under Title VII. [Complaint ¶¶ 5, 6, 7, Count Three, Count Four]   Similarly, Plaintiff alleges

17

jurisdiction and the exhaustion of administrative remedies under Title VII and attaches a copy of her EEOC Charge of Discrimination and Notice of Right to Sue, but she fails to allege a Title VII claim against the Defendants or any specific facts to support one.

## H.   Any Purported Claim against Defendants for Tortious Interference Under Count Seven Should Be Dismissed.

43.   To the extent that Count Seven of the Complaint purports to state a claim of tortious interference against Infinity, Lunsford, or Jenkins, it should be dismissed because it fails to meet the facial plausibility standard of *Twombly* and *Iqbal*.   On its face, Count Seven appears to allege claims only against the "legal/financial defendants," consisting of American Express, NCO, Laura Nettles, Wayne Morse, and Anige Ingram, and not Infinity, Lunsford, Jenkins, and Kees, who are distinguished collectively at various points in the Complaint as the "Infinity Defendants." [Complaint ¶¶ 21-24, 3-4, 6, 8-10, 12]

44.   Nevertheless, if Count Seven is construed to allege a claim against Infinity, Lunsford and Jenkins, it should be dismissed as it fails to allege any plausible claim, or a factual basis for one, against these Defendants. [Complaint ¶¶ 20-24] Moreover, under Alabama law, an employer like Infinity cannot be liable for tortious interference with a contract with its own employee. *E.g., Hickman v. Winston County Hosp. Bd.*, 508 So. 2d 237, 238-39 (Ala. 1987). Similarly, employees cannot be liable for tortious interference with a co-worker's

employment relationship unless they were acting outside the scope of their employment and with actual malice, *E.g., Hickman*, 508 So. 2d at 239, and Plaintiff makes no such allegations in her Complaint.  [Complaint *passim*]

WHEREFORE, PREMISES CONSIDERED, Defendants Infinity Insurance Company, Tobin Lunsford, and Pamela Jenkins respectfully request that this Court enter an order dismissing all of Plaintiff's claims against them with prejudice.

Respectfully submitted,


*/s/ Charles M. Elmer*
Tammy L. Baker
Email: bakert@jacksonlewis.com
Telephone: 205-332-3106
Charles M. Elmer
Email: charles.elmer@jacksonlewis.com
Telephone: 205-332-3128
Jackson Lewis LLP
Attorneys at Law
First Commercial Bank Building
800 Shades Creek Parkway, Suite 870
Birmingham, Alabama 35209
Fax: 205-332-3131

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on the 18th day of October, 2011 the undersigned electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to the following:

Kary B. Wolfe, Esq.
Jones Walker
1819 5th Avenue North
Suite 1100
Birmingham, AL  35203

Stephen E. Whitehead, Esq.
W. Hill Sewell, Esq.
Lloyd, Gray, Whitehead
  & Monroe, P.C.
2501 20th Place South
Suite 300
Birmingham, AL 35223-1702

James R.  Shaw, Esq.
Stewart W. McCloud, Esq.
Huie, Fernambucq & Stewart
3 Protective Center, Suite 200
2801 Highway 280 South
Birmingham, AL  35223

M. Jansen Voss
Scott, Sullivan, Streetman & Fox, P.C.
2450 Valleydale Road
Birmingham, Alabama 35244

A copy of this filing will be sent via U.S. Mail, postage prepaid, to the following:

Carol Shuler
520 Logan Drive
Birmingham, Alabama 35242

/s/ Charles M. Elmer
OF COUNSEL