IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CAROL SHULER, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:11-cv-3443-TMP |
| ) | |
| INFINITY PROPERTY & CASUALTY, ) | |
| et al., ) | |
| ) | |
|     Defendants. ) | |

MEMORANDUM OPINION

    The magistrate judge has filed two reports and recommendations in this action with respect to various motions to dismiss. On May 18, 2012, he filed his first report and recommendation (Doc. 25), making certain recommendations with respect to motions to dismiss filed by defendants Laura Nettles (Doc. 8), Wayne Morse (Doc. 9), American Express and NCO Financial Systems, Inc. (Doc. 10), and Infinity Insurance Company, Tobin Lunsford, and Pamela Jenkins (Doc. 15). After the magistrate judge filed his report and recommendation, plaintiff Carol Shuler filed her objections on May 29, 2012 (Doc. 28), to which defendant Nettles responded on June 12, 2012. (Doc. 30). On July 9, 2012, plaintiff filed a motion for leave to amend her complaint. (Doc. 33).

    The filing of the motion for leave to amend the complaint required the magistrate judge to revisit the recommendations made in his first report and recommendation in light of the new factual allegations contained in the proposed amended complaint. In doing so, the magistrate judge filed his Order and Amended Report and Recommendation (Doc. 41) on December 11, 2012, which granted the plaintiff's motion for leave to amend the complaint and made further and additional recommendations concerning the pending motions to dismiss. A few days later, the magistrate judge

filed a corrected recommendation to correct an inadvertent oversight in Doc. 41 (*See* Doc. 43).[1] On December 26, 2012, defendant Nettles filed her objections to the December 11, 2012 report and recommendation. (Doc. 44). No other party filed objections.[2]

Defendant Angie Ingram also filed a motion to dismiss the plaintiff's original complaint on October 17, 2011 (Doc. 7), which, because it was supported by materials outside the pleadings, the magistrate judge treated as a motion for summary judgment and so notified the parties on May 14, 2012. Plaintiff Shuler filed her opposition to the motion on May 29, 2012. (Doc. 27). The magistrate judge filed his report and recommendation concerning defendant Ingram's motion for summary judgment on December 11, 2012. (Doc. 42). To date, no party has filed objections with respect to this report and recommendation.

Because objections were filed by plaintiff (with respect to the first report and recommendation) and by defendant Nettles (with respect to the December 11, 2012 report and recommendation), the magistrate judge directed the clerk to randomly draw a district judge to review the objections. This memorandum opinion does so now.

I. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1), a party may file objections to a magistrate judge's report and recommendation within fourteen days after being served with a copy of it. If objections are filed,

---

[1] The docket sheet incorrectly states that Doc. 43 was filed to correct errors in Doc. 42. In fact, Doc. 43 recites clearly that it is intended to correct mistakes in Doc. 41.

[2] The tortured procedural history of this case became even more complicated when, on February 27, 2013, plaintiff Carol Shuler filed her motion to stay proceedings in this case alleging that she had not been served with the court filings in December (Docs. 41, 42, and 43) and, thus, had not had a chance to object to the reports and recommendations. The magistrate judge held a hearing on the motion on March 8, 2013, and granted the plaintiff additional time to March 25, 2013, to file objections to Docs. 41, 42, and 43. Even so, plaintiff has filed no objections.

"[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings of fact or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Portions of a report and recommendation to which specific objections are made are reviewed under a *de novo* standard. However, those portions to which no objection is filed are reviewed only for clear error. As one court has explained:

> Parties to a dispute upon which a Report and Recommendation has been made are invited to file objections to that Report and Recommendation. 28 U.S.C. § 636(b)(1)(B) ("Within ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."). Under this system, when a party makes a timely and specific objection to a portion of the Report and Recommendation, the district court is obliged to engage in a *de novo* review of the issues raised on objection. *Id.* ("A judge of the court *shall* make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") (emphasis added); *United States v. Raddatz,* 447 U.S. 667, 674, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980); *Nettles,* 677 F.2d at 409. However, issues upon which no specific objections are raised do not so require *de novo* review; the district court may therefore "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge[,]" applying a clearly erroneous standard. 28 U.S.C. § 636(b)(1); *Nettles,* 677 F.2d at 409 ("[T]he failure of a party to file written objections to proposed findings and recommendations in a magistrate's report ... shall bar the party from a *de novo* determination by the district judge of an issue covered in the report."); *see Liberty Am. Ins. Group, Inc. v. WestPoint Underwriters, L.L.C.,* 199 F.Supp. 2d 1271, 1276 (M.D.Fla. 2001) ("[T]he district court will review those portions of the R & R that are not objected [to] under a clearly erroneous standard."); *Am. Charities for Reasonable Fundraising Regulation, Inc. v. Pinellas County,* 278 F.Supp. 2d 1301, 1307 (M.D.Fla. 2003) ("[W]hen no timely and specific objections are filed, case law indicates that the court should review the findings using a clearly erroneous standard."); *Lombardo v. United States,* 222 F.Supp.2d 1367, 1369 (S.D.Fla. 2002); *Gropp v. United Airlines, Inc.,* 817 F.Supp. 1558, 1561–62 (M.D.Fla. 1993); *Chamblee v. Schweiker,* 518 F.Supp. 519, 520 (N.D.Ga. 1981) ("[W]hen [a] party is notified of [the] right to object to the magistrate's report ... and fails to do so, he or she has waived this right to *de novo* consideration of the issues raised in the case ... [and] use of a standard of review more closely akin to the rule 52 'clearly erroneous' standard is appropriate.").

*Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373 (N.D. Ga. 2006); *Garvey v. Vaughn*, 993 F.2d 776, 779 n. 9 (11th Cir.1993); *Capdevielle v. Astrue*, 2012 WL 503617 (M.D. Fla. Feb. 15, 2012).

    II.  <u>Review of Recommendations without Objections</u>

Several aspects of the reports and recommendations filed by the magistrate judge are not the subject of objections by any party. As such, the court reviews those portions under a "clearly erroneous" standard. First, no objections were filed with respect to the report and recommendation filed December 11, 2012, in which the magistrate judge recommended that defendant Angie Ingram's motion for summary judgment be granted and the action against her dismissed. (Doc. 42). There, the magistrate judge analyzed Ingram's motion both under Rule 12(b)(6) for failure to state a claim (while excluding from consideration the materials submitted in support of the motion) and Rule 56, as a motion for summary judgment supported by the proffered materials. Doing so, he found, alternatively, that the complaint as amended failed to allege sufficient facts to allow a plausible inference that Ingram participated in a conspiracy to discharge plaintiff from her job at Infinity and that plaintiff's prior deposition testimony in an earlier lawsuit simply failed to link Ingram to any alleged conspiracy.

The court has reviewed these findings by the magistrate judge and cannot conclude that they are clearly erroneous. Whether considered under Rule 12(b)(6) or Rule 56, the plaintiff's pleadings fail to plausibly allege that Ingram participated in a conspiracy against her, and the evidence likewise fails to show any link to Ingram. Accordingly, the report (Doc. 42) concerning dismissal of plaintiff's claims against Ingram is due to be ADOPTED, and the recommendation of dismissal with prejudice is ACCEPTED. By separate order the court will grant defendant Ingram's motion (Doc. 7) and dismiss the plaintiff's claims against her with prejudice.

Next, the magistrate judge also has recommended granting the motion to dismiss by defendant Wayne Morse. Plaintiff concedes that she has not sufficiently pleaded a claim against Morse, so the magistrate judge's recommendation is ADOPTED and ACCEPTED. Defendant Morse's motion to dismiss (Doc. 9) will be GRANTED by separate order and the claims against him dismissed with prejudice.

The magistrate judge also has recommended dismissing defendant Gregory Kees for want of service of process under Rule 4(m) of the Federal Rules of Civil Procedure. Plaintiff has not objected to this recommendation, and because it is not clearly erroneous, it too will be ADOPTED and ACCEPTED, and Kees will be dismissed without prejudice by separate order.

III.  Review of Plaintiff's Objections

After the magistrate judge filed his first report and recommendation on May 18, 2012, plaintiff filed her timely objections to the recommendation that the claims against defendants Nettles, American Express, NCO Financial, Jenkins, and Lunsford be dismissed for failure to sufficiently allege a conspiracy underlying the claims against them. Based on the objections and the plaintiff's motion for leave to amend the complaint to add further factual allegations, the magistrate judge filed his Order and Amended Report and Recommendation[3] on December 11, 2012, changing his recommendation with respect to the claims against defendant Nettles, while reaffirming his

---

[3] In addition to amending his previous report and recommendation, the Order granted in part and denied in part the plaintiff's motion for leave to amend the complaint. The magistrate granted the motion insofar as the motion corrected the name of plaintiff's employer to Infinity Insurance Company, added a new claim for disability discrimination against Infinity, and added further factual allegations in support of the claims against defendant Nettles. The magistrate denied the remainder of the motion as futile. Because the extended deadline for filing objections has expired and plaintiff has not filed any objections to the December 11, 2012 Order and Amended Report and Recommendation, the Order denying in part the plaintiff's motion for leave to amend the complaint is not before the court for review.

recommendation to dismiss claims against American Express, NCO Financial, Jenkins, and Lunsford. Plaintiff has not objected to the December 11, 2012 amended report and recommendation.

Plaintiff's objections to the original May report and recommendation raise three points[4]: (1) that the magistrate judge considered evidentiary materials outside the pleadings with respect to the motions to dismiss by American Express and NCO Financial without converting the motions to motions for summary judgment[5]; (2) the magistrate judge erroneously read portions of the complaint to allege claims only against defendant Infinity, and not against its employees, Jenkins and Lunsford, when plaintiff intended to allege the claims against Infinity *and* its employees; and (3) the magistrate judge incorrectly concluded that plaintiff failed to allege sufficiently under *Twombly/Iqbal* the conspiracy-based claims against American Express and NCO Financial. The court has reviewed each of these objections *de novo*, as discussed in detail below.

### A.  Failure to Convert to Summary Judgment

Plaintiff argues that, like the motion to dismiss by Angie Ingram, American Express and NCO Financial's motion to dismiss included materials outside the pleadings. She points out that the motion "quot[es] directly from documents" in plaintiff's FDCPA lawsuit, which she says was the precipitating cause of the conspiracy against her. Having reviewed plaintiff's original complaint and proposed amendment to the complaint, it is clear that the magistrate judge's analysis under *Twombly/Iqbal* was grounded entirely on the sufficiency of the factual allegations in plaintiff's

---

[4]  Plaintiff also objected to the magistrate judge's finding that the conspiracy claim against Nettles was barred because Nettles was acting within her attorney-client relationship. This objection was mooted by the magistrate judge's reversal of his recommendation that the claims against Nettles be dismissed.

[5]  Plaintiff also asserts the same argument with respect to defendant Nettles' motion to dismiss. However, because the magistrate judge reversed his recommendation and no longer recommends granting Nettles' motion, plaintiff's objection as to Nettles is MOOT.

pleadings, not on matters outside the pleadings. The magistrate judge effectively excluded the outside matters in assessing whether plaintiff sufficiently pleaded in her complaint facts from which an inference could be drawn of a plausible conspiracy claim against American Express and NCO Financial. Rule 12(d) states, "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to *and not excluded by the court*, the motion must be treated as one for summary judgment under Rule 56." (Italics added). The nature of the *Twombly/Iqbal* analysis used by the magistrate judge focused entirely on the factual sufficiency of the allegations of the complaint. It does not compare evidence from another source. Because the magistrate judge correctly determined that the facts, *as plaintiff pleaded them*, simply did not push her allegations of conspiracy by American Express and NCO Financial over the line from the speculative to the plausible, it is clear that the magistrate judge did not rely on any information or evidence offered in the motion to dismiss. Nothing in the report and recommendation suggests that the magistrate judge relied on anything but the facts of the complaint. Thus, the matters outside the pleadings were effectively excluded by the court and there was no requirement that the motion to dismiss be converted to a Rule 56 motion. Accordingly, this objection is OVERRULED.

### B.  Original Complaint Misread

Next, plaintiff asserts that the magistrate judge misread her complaint as alleging certain claims against defendant Infinity alone when, in fact, she intended to assert the claims against Infinity *and* its employees, Lunsford and Jenkins. In particular, she contends that she intended to plead Count Five of her complaint against Infinity, Lunsford, and Jenkins together, alleging a claim under 42 U.S.C. § 1985(2) for a conspiracy to retaliate against her for filing a FDCPA claim. The

magistrate judge read that count, however, to name as defendants only "Infinity" and the "legal/financial defendants," not the employees of Infinity.

Having reviewed the complaint, the report and recommendation, and the objections *de novo*, the court is persuaded that, even if the magistrate judge misread Count Five, it still fails to sufficiently allege a conspiracy claim against Jenkins and Lunsford, therefore, dismissal as to these two defendants remains proper. The *Twombly/Iqbal* pleading standard requires the plaintiff to plead *facts*, not suspicions or guesses, from which the court can plausibly infer that the named defendants knowingly engaged in a conspiracy designed to harm the plaintiff. Although Jenkins and Lunsford had some supervisory authority over plaintiff, plaintiff pleads no other factual allegations from which the court can infer that Jenkins and Lunsford personally and knowingly joined a conspiracy with the purpose of harming the plaintiff. Plaintiff's theory is that defendant Nettles, a lawyer representing a defendant sued by plaintiff in the FDCPA case, called her friend at Infinity, lawyer Erin May, and persuaded her to cause plaintiff's termination. Even assuming this to be true, there are no facts pleaded from which to infer that Lunsford and Jenkins *personally* were aware of this effort or agreed to participate in it. It is just as likely that they acted based on their own judgment of plaintiff's work performance or were directed by superiors to take steps against plaintiff without any knowledge of her FDCPA case or its connection to Infinity. The complaint must plead facts that make a plausible claim, not a mere speculative one, and as to Lunsford and Jenkins, the complaint fails to do so.

The court agrees with the magistrate judge's report and recommendation that plaintiff has not sufficiently pled a civil-rights conspiracy claim under § 1985(2) against Lunsford and Jenkins. Therefore, the court will ADOPT the report, and, to the extent a claim can be read into Count Five against them, the court will DISMISS it by separate order.

### C. Conspiracy Sufficiently Pled Against American Express and NCO

Plaintiff's third objection is that the magistrate judge incorrectly concluded that the factual allegations of the complaint (now amended) failed to sufficiently allege that American Express and NCO Financial participated in a conspiracy to have plaintiff discharged from Infinity because she sued them in her FDCPA lawsuit. Having reviewed *de novo* the complaint, amended complaint, report and recommendation, and plaintiff's objections, the court agrees with the magistrate judge that the plaintiff has failed to allege sufficient *facts* to state a conspiracy claim against American Express and NCO.

As the magistrate judge pointed out, plaintiff's theory alleges that she and her husband, Roger Shuler, sued American Express and NCO Financial in an action alleging a violation of the Fair Debt Collection Practices Act. American Express and NCO were represented in that action by attorney Laura Nettles. Plaintiff hypothesizes that Nettles contacted someone at plaintiff's employer, Infinity, and persuaded them to discharge plaintiff in retaliation for having sued her clients, American Express and NCO. The allegations of the complaint are nothing more than hypotheses. While certain "facts" are alleged — that plaintiff sued American Express and NCO, which were represented by Nettles; Nettles was a friend of an attorney at Infinity, Erin May; and that during the course of the lawsuit, plaintiff was disciplined and, ultimately, terminated from Infinity — but these facts alone, even if assumed true, do not plausibly allege that American Express and NCO knowingly engaged in or approved of any effort to have Infinity discharge plaintiff.

Under § 1985(2), liability is predicated on knowing participation in conspiracy to intimidate a witness in a federal proceeding. "It is by now axiomatic that a conspiracy requires a meeting of the minds between two or more persons to accomplish a common and unlawful plan." *McAndrew*

9

*v. Lockheed Martin Corp.*, 206 F.3d 1031, 1036 (11th Cir. 2000), citing *Bivens Gardens Office Bldg., Inc. v. Barnett Banks Inc.*, 140 F.3d 898, 912 (11th Cir.1998) (explaining that a civil conspiracy ordinarily requires "an agreement between two or more people to achieve an illegal objective, an overt act in furtherance of that illegal objective, and a resulting injury to the plaintiff"). Implicit in the nature of a conspiratorial agreement is the requirement that the participants knowingly and deliberately participate. There is no "meeting of the minds" to carry out some objective unless one does so consciously and knowingly. Thus, to be liable for a conspiracy, the putative defendant must know that some object or goal is being sought and agree to participate in the effort.

Further, under the *Twombly/Iqbal* pleading standards, there must be factual allegations from which a plausible inference of that deliberate choice can be drawn. The facts alleged here by plaintiff simply do not allow that plausible inference. The court may not speculate that American Express and NCO knew what Nettles is alleged to have done, or that they agreed to it or authorized it. The fact that Nettles represented American Express and NCO does not mean that American Express and NCO knew what Nettles is alleged to have done. The mere fact that Nettles was their attorney does not allow the inference that they knew in advance that she would contact someone at Infinity to influence Infinity to terminate plaintiff's employment. Without some reasonable *factual* basis for such an allegation, the court cannot say that plaintiff has pleaded a plausible conspiracy claim against Nettles's clients.

Because the factual allegations of the complaint do not support a plausible claim of a § 1985(2) conspiracy involving American Express and NCO, the plaintiff's objections to this portion of the magistrate judge's report and recommendation are OVERRULED, and the report and recommendation is ADOPTED and ACCEPTED. The motion to dismiss on behalf of American

Express and NCO Financial will be GRANTED by separate order and the claims against them dismissed with prejudice.

    IV.  Review of Defendant Nettles' Objections

Following the magistrate judge's filing of his Order and Amended Report and Recommendation on December 11, 2012, Laura Nettles objected to the recommendation that her motion to dismiss be denied. The magistrate judge noted that while he originally recommended that Nettles' motion be granted, the amended complaint filed by the plaintiff explicitly alleged that "Laura Nettles and/or other officials at the LGW law firm communicated with their close associates at Infinity Insurance Company to set off a conspiracy...." He concluded that this sufficiently alleged facts under *Twombly/Iqbal* to allow a plausible inference that Nettles participated in a conspiracy to cause plaintiff to lose her job in retaliation for having filed the FDCPA lawsuit against her clients. On December 26, 2012, Nettles filed her objections to the Amended Report and Recommendation.

The court first notes that it cannot consider the materials and exhibits annexed to the objections when reviewing the recommendation of the magistrate judge. The issue the magistrate judge addressed is whether, on the *factual* allegations in the amended complaint, a sufficient factual basis existed for finding that plaintiff had alleged a plausible conspiracy involving Nettles to retaliate against plaintiff. It may well be the case that plaintiff will not be able to produce evidence supporting her factual allegations, but, on a motion to dismiss, the allegations must be presumed true.

Turning to the facts alleged by the plaintiff, the complaint as amended asserts that Nettles represented clients adverse to the plaintiff in a lawsuit prosecuted by plaintiff, that Nettles knew a lawyer employed at Infinity (plaintiff's employer) named Erin May, that plaintiff received a warning

letter just two days after she and her husband met with their lawyers to discuss discovery issues then active in their case against Nettles' clients, and that only a few days later she was terminated from her employment. Most importantly for purposes of meeting the *Twombly/Iqbal* standard, plaintiff alleges explicitly that Nettles "communicated... with [her] close associates at Infinity... to set off a conspiracy..." against her. Despite the court's skepticism that the plaintiff will be able to actually prove these allegations, the amended complain sufficiently alleges facts supporting the allegation of a conspiracy involving Nettles.

Nettles argues that because the magistrate judge's Order and Amended Report and Recommendation found that plaintiff had *not* sufficiently alleged that Infinity was involved in a conspiracy with Nettles, this effectively eliminated the possibility that she was involved. The problem with the plaintiff's allegations against Infinity is that she failed to specifically identify any employee at Infinity that Nettles allegedly communicated with. Absent the identification of the "contact" at Infinity, the complaint does not plausibly link Infinity to the conspiracy. This does not mean, however, that Infinity was not involved; it just means the plaintiff did not allege it sufficiently to show her "entitlement to relief" against Infinity under the *Twombly/Iqbal* standard. On the other hand, plaintiff explicitly alleged that Nettles (or someone at her direction) communicated with an unnamed person at Infinity, sufficiently asserting as a fact that Nettles was involved. Again, despite the court's skepticism, this is enough to get beyond the pleading stage of the case. Whether plaintiff can ultimately prove with evidence what she alleges as fact is a matter for the court to address on a summary judgment motion.

The court agrees, therefore, with the magistrate judge's recommendation that defendant Nettles' motion to dismiss be DENIED.  Her objections are OVERRULED and her motion will be DENIED by a separate order.

V. Conclusion

To clarify what claims the court is dismissing, the court summarizes its rulings as follows:

1.  Defendant Angie Ingram's motion for summary judgment (Doc. 7) will be GRANTED and all claims against her will be DISMISSED WITH PREJUDICE.

2.  Defendant Wayne Morse's motion to dismiss (Doc. 9) will be GRANTED and all claims against him will be DISMISSED WITH PREJUDICE.

3. Defendant Gregory Kees will be DISMISSED WITHOUT PREJUDICE for want of service of process under Rule 4(m).

4.  The motion to dismiss on behalf of defendants American Express and NCO Financial (Doc. 10) will be GRANTED and all claims against them will be DISMISSED WITH PREJUDICE.

5.  Defendant Laura Nettles' motion to dismiss (Doc. 8) will be DENIED, and plaintiff's claims of a conspiracy to retaliate under 42 U.S.C. § 1985(2) (Count Five) and for tortious interference with her business relationship with her employer, Infinity Insurance Co. (Count Eight), can proceed against Nettles.

6.  The motion to dismiss on behalf of defendants Tobin Lunsford and Pamela Jenkins (Doc. 15) will be GRANTED and all claims against them will be DISMISSED WITH PREJUDICE.

13

7. Defendant Infinity Insurance Company's motion to dismiss (Doc. 15) will be GRANTED IN PART as to Counts Five and Six of the amended complaint and DISMISSED WITH PREJUDICE as to those counts, but DENIED IN PART as to Counts One, Two, Three, Four, and Seven.[6]

A separate Order incorporating these rulings will be entered.

DONE this 29th day of March, 2013.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE

---

[6] The magistrate judge's recommendation in Doc. 43 is ambiguous in that it can be read as suggesting the Counts One, Two, Three, Four, and Seven can proceed against defendants Lunsford and Jenkins, as well as against Infinity. It is clear, however, that these counts allege various forms of employment discrimination which can be asserted only against the "employer," Infinity. Reading the recommendation with this in mind, the ambiguity is eliminated because the magistrate judge recommended that these counts proceed "insofar as Infinity Insurance Company is the named employer/defendant."