IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CAROL SHULER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No.    2:11-cv-03443-LSC |
| ) | |
| INFINITY PROPERTY AND ) | |
| CASUALTY, LAURA NETTLES, ) | |
| NCO, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION

On March 21, 2014, the magistrate judge filed his report and recommendation in the above-styled cause, recommending that a joint motion by Infinity Property and Casualty ("Infinity"), Laura Nettles ("Nettles"), and NCO (together "Defendants") be granted and this action be dismissed with prejudice for failure to prosecute, failure to comply with discovery orders, and failure to comply with court-imposed sanctions. (Doc. 110). Carol Shuler ("Plaintiff"), on April 2, 2014, timely filed her objections to the report and recommendation. (Doc. 111). Because objections were filed by Plaintiff, the magistrate judge directed the clerk to randomly draw a district judge to review the objections. (Doc. 112). The undersigned was drawn to conduct the review.

I. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1), a party may file objections to a magistrate judge's report and recommendation within fourteen days of being served with a copy of it. If

objections are filed, "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings of fact or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Portions of a report and recommendation to which specific objections are made are reviewed under a *de novo* standard. However, those portions to which no objection is filed are reviewed only for clear error. As one court has explained:

> Parties to a dispute upon which a Report and Recommendation has been made are invited to file objections to that Report and Recommendation. 28 U.S.C. § 636(b)(1)(B) ("Within ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."). Under this system, when a party makes a timely and specific objection to a portion of the Report and Recommendation, the district court is obliged to engage in a *de novo* review of the issues raised on objection. *Id.* ("A judge of the court *shall* make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") (emphasis added); *United States v. Raddatz*, 447 U.S. 667, 674, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980); *Nettles*, 677 F.2d at 409. However, issues upon which no specific objections are raised do not so require *de novo* review; the district court may therefore "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge[,]" applying a clearly erroneous standard. 28 U.S.C. § 636(b)(1); *Nettles* 677 F.2d at 409 ("[T]he failure of a party to file written objections to proposed findings and recommendations in a magistrate's report ... shall bar the party from a *de novo* determination by the district judge of an issue covered in the report."); *see Liberty Am. Ins. Group, Inc. v. WestPoint Underwriters, L.L.C.*, 199 F.Supp. 2d 1271, 1276 (M.D. Fla. 2001) ("[T]he district court will review those portions of the R & R that are not objected [to] under a clearly erroneous standard."); *Am. Charities for Reasonable Fundraising Regulation, Inc. v. Pinellas County*, 278 F.Supp. 2d 1301, 1307 (M.D. Fla. 2003) ("[W]hen no timely and specific objections are filed, case law indicates that the court should review the findings using a clearly erroneous standard."); *Lombardo v. United States*, 222 F.Supp. 2d 1367, 1369 (S.D. Fla. 2002); *Gropp v. United Airlines, Inc.*, 817 F.Supp. 1558, 1561-62 (M.D. Fla. 1993); *Chamblee v. Schweiker*,

> 518 F.Supp. 519, 520 (N.D. Ga. 1981) ("[W]hen [a] party is notified of [the] right to object to the magistrate's report ... and fails to do so, he or she has waived this right to *de novo* consideration of the issues raised in the case ... [and] use of a standard of review more closely akin to the rule 52 'clearly erroneous' standard is appropriate.")

<u>Tauber v. Barnhart</u>, 438 F. Supp. 2d 1366, 1373 (N.D. Ga. 2006); <u>Garvey v. Vaughn</u>, 993 F.2d 776, 779 n. 9 (11th Cir. 1993); <u>Capdevielle v. Astrue</u>, 2012 WL 503617 (M.D. Fla. Feb. 15, 2012).

II. Review of Plaintiff's Objections

After the magistrate judge filed his report and recommendation, plaintiff timely filed her objections to the recommendation that the case and all claims therein be dismissed for failure to prosecute, failure to comply with discovery orders, and failure to comply with court-imposed sanctions. In her objections, Plaintiff raises three points: (1) that Plaintiff filed a document stating that she did not consent to dispositive jurisdiction by a magistrate judge; (2) that defendant Infinity Property and Casualty ("Infinity") failed to provide her with requested documents during discovery; and (3) that Plaintiff has been under threat of arrest as a result of events in a court action against her husband. The court has reviewed each of these objections *de novo*, as discussed in detail below.

A. Plaintiff's Non-consent to Magistrate Judge Jurisdiction

Plaintiff states in her first objection that she "[t]imely filed a document in which she did not consent to dispositive jurisdiction of the magistrate judge in this case." (Doc. 111, p. 1). She further argues that, because she did not consent to magistrate jurisdiction, the

report and recommendation is "made without jurisdiction over [her], and it is due to be overturned on that ground alone." (Id.) Plaintiff did file a document indicating her lack of consent to magistrate judge jurisdiction. (Doc. 59). However, Plaintiff's objection to the magistrate judge's report and recommendation based on a lack of jurisdiction denotes a misunderstanding as to how magistrate jurisdiction functions in the federal court.

A magistrate judge may be designated to conduct hearings and submit to a district judge proposed findings of fact and recommendations for the disposition of a motion to involuntarily dismiss an action. 28 U.S.C. § 636(b)(1)(A), (B). Such a designation does not require the consent of the parties to the action, because it does not authorize the magistrate judge to exercise dispositive jurisdiction. The instant case has been managed according to the provisions of 28 U.S.C. § 636 and the court's Local Rule 72.1,[1] which allow a magistrate judge to enter a report and recommendation on a dispositive motion without consent by the parties. The magistrate judge's report and recommendation is not dispositive because it must be accepted and adopted by a district judge. Accordingly, Plaintiff's objection is without merit. The magistrate judge's report and recommendation is not a dispositive finding and is appropriate in this action pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). Accordingly, this objection is OVERRULED.

### B. Defendant Infinity Withheld Discovery Documents

---

[1] "A magistrate judge may be designated to review and consider, to conduct hearings (including evidentiary hearings), and to submit proposed findings of fact, conclusions of law, and recommendations for the disposition by the district judge of . . . [m]otions to involuntarily dismiss an action. . ." LR 72.1(b)(4)(C).

Plaintiff's second objection asserts that Infinity failed to produce certain discoverable documents that Plaintiff requested during discovery. (Doc. 111, pp. 1-2). Plaintiff states that she "does not recall receiving a single item from Infinity listed under her request for production documents," and then goes on to note that Interrogatories 16-18 and Requests for Production of Documents 7-10 and 22-26 are "central to Shuler's case" and have not been provided. (Id.)

This is the first time Plaintiff has reported a failure by any defendant to provide discovery documents. If Infinity has not provided discovery documents, Plaintiff's failure to notify the court only strengthens the magistrate judge's finding that Plaintiff has failed to adequately prosecute her claims. The initial scheduling order in the instant case was entered on April 22, 2013, setting the discovery deadline as December 1, 2013. (Doc. 57). The discovery deadline later was extended to April 1, 2014, providing the parties with almost one year to complete discovery. (Doc. 88). For Plaintiff to first raise with the court the failure of a defendant to produce discoverable material is not sufficient to cure Plaintiff's own failures in prosecuting the instant action.[2] Infinity's alleged failure to produce discovery does not excuse Plaintiff's failure to appear at court-ordered hearings, failure to comply with discovery orders, failure to appear at two scheduled depositions – one of which was court-

---

[2] The proper way to bring a failure to participate in discovery to the attention of the court is, after attempting in good faith to resolve the issue, to file a motion for an order compelling disclosure or discovery pursuant to Rule 37(a) of the Federal Rules of Civil Procedure.

ordered – and failure to comply with court-ordered sanctions. Accordingly, this objection is OVERRULED.

### C. Threat of Arrest

In her third objection to the magistrate judge's report and recommendation, Plaintiff claims that she was prevented from pursuing the instant case because she has been "under threat of arrest" in connection with a defamation case filed against her husband in Shelby County, Alabama. (Doc. 111, p. 2). Plaintiff claims that a document in her husband's case "notes that Carol Shuler is a party – even though she was not involved in the matters at hand – and was under threat of arrest." (Id.) She claims that she was "forced to live essentially under house arrest" and did not leave her home for fear of being incarcerated. (Id.) She further alleges that this "threat of arrest" prevented her communicating with either the court or Defendants. (Id.)

Plaintiff's allegation is completely unsubstantiated.[3] The court is not convinced that this alleged threat of arrest prevented any and all communication by Plaintiff with the court since 2013. Furthermore, a threat of arrest does not excuse Plaintiff from appearing at court-ordered hearings and a court-ordered deposition, nor does it excuse her from complying with discovery orders and court-ordered sanctions. Accordingly, this objection is OVERRULED.

### CONCLUSION

---

[3] Although Plaintiff cites a document from her husband's case, it was not produced. (Doc. 111, p. 2).

Having now carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, the Court is of the opinion that the report is due to be and hereby is ADOPTED, and the recommendation is ACCEPTED. Consequently, this action and all claims therein are due to be and hereby are DISMISSED WITH PREJUDICE. An order of final judgment will be entered contemporaneously herewith.

The Clerk is DIRECTED to mail a copy of the foregoing to the plaintiff.

Done this 15th day of April 2014.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
[160704]